

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN THE MATTER OF THE APPLICATION
OF NBAD PRIVATE BANK (SUISSE), SA.,

    Petitioner,

FOR DISCOVERY IN AID OF A FOREIGN
PROCEEDING PURSUANT TO 28 U.S.C.
§ 1782,

    Respondent,
_____/

### VERIFIED EMERGENCY PETITION FOR ISSUANCE OF SUBPOENA TO OBTAIN DISCOVERY IN AID OF FOREIGN PROCEEDING AND MEMORANDUM OF LAW

    Petitioner NBAD Private Bank (Suisse), SA. ("NBAD" or "Petitioner"), petitions this Court pursuant to Title 28 United States Code Section 1782 and Local Rule 7.1.E, to allow for the issuance of a subpoena on J.P. Morgan Chase, N.A., to obtain discovery in aid of a foreign and international legal proceeding.

**I.**    **Jurisdiction, Parties and Venue**

    1.    Jurisdiction is proper in this matter pursuant to Title 28 United States Code Section 1782 as this application is for the issuance of a subpoena to obtain discovery involving documents and records located within this District, discovery necessary to assist NBAD in its upcoming foreign legal proceeding against Peacock Exports and Investments, Inc. ("Peacock"), and others involved in the fraudulent transfer of funds from a bank account.

    2.    At all times material herein, NBAD was and is a business entity organized and existing under the laws of Switzerland.

3. According to the Florida Department of State's Division of Corporations, Peacock was and is a business entity organized and existing under the laws of the State of Florida, with its place of business located at 1533 N.W. 7th Terrace, Pompano, Florida 33060.

4. Upon information and belief, at all times material herein, J.P. Morgan Chase Bank, N.A. ("J.P. Morgan Chase"), was and is a business entity organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 270 Park Avenue, New York, NY 10017. The account at issue in this case was maintained at the branch located at 4451 NW 36th Street, Miami Springs, Florida 33166.

5. Venue in the Southern District is appropriate pursuant to Title 28 United States Code Section 1782 because the discovery is being sought from individuals presently located within this judicial district and some of the documents sought are presently in this jurisdiction.

**II. Factual Background**

6. On November 25, 2010, NBAD received a telephone call from an individual claiming to be a NBAD client. The individual provided his name, and a NBAD account number. The individual also requested the balance on the bank account, and further requested whether a transfer in the amount of $451,483.56 was made from the account. The individual's request for the telephone number listed on the account was denied and a contact number was requested for this individual so that the responsible relationship manager could call him back.

7. After reviewing the account and contacting the account holder (the "Client") on the usual telephone number used by the Client (and not that given in the earlier call), the Client denied having called the bank before. NBAD confirmed that two payments had been made from the Client's account. NBAD further confirmed that two payments of $451,483.56 had been made from the Client's account arising from a letter of credit facility covering a number of payments.

8.  The first payment from the Client's account was authorized by the Client in partial satisfaction of the Client's purchase of computer hardware and equipment which was being paid in 12 equal instalments.

9.  The second payment, however, was made to Peacock without the Client's knowledge or authorization. Specifically, payment in the amount of $451,483.56 was disbursed from the Client's NBAD account to Peacock's bank account at J.P. Morgan Chase in Miami, Florida. NBAD determined that the instructions for the two payments originated from a similar but not identical email address. The email requesting the payment to Peacock contained a scanned copy of any original invoice signed by the Client but forged subsequently by unknown third parties. Through the use of the Client's account information and the forged document, unknown third parties were able to transfer money from the Client's account to Peacock's account.

10. Upon learning of the fraudulent transfer from the Client's account, NBAD immediately contacted representatives of J.P. Morgan Chase in Miami, Florida, through the representative office of this bank in New York advising them of the fraud.

11. NBAD believes that all of the fraudulently obtained funds have already been transferred from Peacock's J.P. Morgan Chase account to another off-shore bank account in an effort to conceal the fraud. Accordingly, NBAD requested from J.P. Morgan Chase any bank account records, statements, and records related to Peacock, and further requested information related to where the fraudulently obtained funds were transmitted. J.P. Morgan Chase advised NBAD that it requires a subpoena in order to provide the requested information.

12. In order to prepare for imminent international litigation involving substantial damages incurred by the Client and NBAD, it is critical that NBAD be permitted, on an

emergency basis to obtain an Order for the issuance of a subpoena on J.P. Morgan Chase to obtain Peacock's bank account information and records maintained at J.P. Morgan Chase located in this District, and to obtain information and records related to where and to whom the fraudulently obtained funds were transmitted from J.P. Morgan Chase.

### III. Damages and Foreign Court Proceeding

13. In order to prepare for the initiation of foreign lawsuit against Peacock, and to mitigate its substantial damages, NBAD requires information and records relevant to the fraudulent transfer from the Client's NBAD bank account, including but not limited to, Peacock's J.P. Morgan Chase bank accounts and records. NBAD also requires information and records related to where and to whom the fraudulently obtained funds were transmitted from J.P. Morgan Chase.

14. NBAD has retained counsel in Switzerland for the initiation of a foreign court proceeding, and those attorneys will be commencing litigation to pursue its claims and recover losses. A criminal complaint shall also be filed with the competent Swiss criminal authorities within the near future.

### IV. Request for Relief and Reasons Why Immediate Discovery Is Warranted

15. NBAD seeks to identify the individuals involved in this fraud and locate the funds which were wrongfully obtained from the Client's NBAD account and disbursed to Peacock's J.P. Morgan Chase account in an effort protect the Client from any further damages, including any further fraudulent transfers from the Client's NBAD account. Additionally, the immediate issuance of a subpoena on J.P. Morgan Chase is warranted to identify where the fraudulently obtained funds were transferred to, and to whom they were transferred in an effort to track down

the stolen funds. The granting of this Petition is imminently necessary to obtain the above-referenced information which is not within the possession, custody, or control of NBAD.

### A.   Relief Under 28 U.S.C. § 1782

16.   As set forth above, NBAD will soon commence a proceeding against Peacock in a foreign or international court in Geneva, Switzerland. As such, NBAD is an "interested person" within the meaning of 28 U.S.C. § 1782.

17.   It is critical that NBAD obtain information from J.P. Morgan Chase in this District to explain the circumstances concerning the fraudulent transfer from NBAD's Client's accounts to Peacock's account maintained at J.P. Morgan Chase, and to identify where the fraudulently obtained funds were transferred - both of which are critical to the Swiss proceeding described above.

18.   Moreover, given the inability of NBAD to obtain the requested account information from J.P. Morgan Chase without the issuance of a court-ordered subpoena, judicial intervention and enforcement is necessary. NBAD's request is narrowly tailored and there would be no prejudice for J.P. Morgan Chase to disclose the information requested in a subpoena.

19.   Based on the foregoing, NBAD is entitled to an Order pursuant to 28 U.S.C. § 1782 granting the production of documents in aid of a foreign proceeding.

**WHEREFORE,** for the foregoing reasons, Petitioner respectfully petitions this Court to enter an Order granting the issuance of a subpoena on J.P. Morgan Chase pursuant to 28 U.S.C. §1782 to: obtain information related to Peacock's bank accounts and records maintained at J.P. Morgan Chase, as they are located within this District or any other District in accordance with the Federal Rules of Civil Procedure; obtain information related to where the fraudulently

obtained funds were transmitted to from J.P. Morgan Chase, and to whom; and, such other and further relief which it may deem just and proper.

A proposed order for the Court's consideration is attached hereto as **Exhibit A**.

### MEMORANDUM OF LAW IN SUPPORT OF VERIFIED EMERGENCY PETITION FOR DISCOVERY IN AID OF FOREIGN PROCEEDINGS

NBAD is notifying J.P. Morgan Chase of these proceedings and is not proceeding on an *ex parte* basis. However, *ex parte* relief is customary with this type of application. *See In re Supreme Court of Hong Kong pursuant to 28 U.S.C. § 1782*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991) ("[s]uch ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." (citing *In re Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976)). NBAD is in particular need of emergency assistance in light of the impending lawsuit it intends to file against Peacock in Switzerland, and given the precarious nature of NBAD's Client's funds, which were fraudulently transferred to Peacock's bank account maintained at J.P. Morgan Chase, and possibly transmitted from J.P. Morgan Chase to an off-shore account. Therefore, NBAD respectfully requests consideration of its application as soon as practicable.

 **A. PETITIONER IS ENTITLED TO AN ORDER GRANTING THE ISSUANCE OF A SUBPOENA ON J.P. MORGAN CHASE TO REQUEST DOCUMENTS AND RECORDS PURSUANT TO 28 U.S.C. § 1782 IN AID OF A FOREIGN PROCEEDING**

  **1. NBAD has Satisfied the Statutory Requirements**

Section 1782 of Title 28 of the United States Code authorizes a United States District Court, upon petition of an interested person, to order a person residing in the district to give testimony or produce documents for use in a foreign proceeding:

> The District Court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusations. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . To the extent that the order does not provide otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

The United States Supreme Court has interpreted §1782 as having a broad application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004). In determining that §1782 authorizes a federal district court to provide discovery assistance, the Supreme Court specifically rejected the multiple limitations Intel attempted to inject into the interpretation of the statute. *Intel*, 542 U.S. at 256. Rather the Supreme Court adopted a broad and liberal interpretation of the statute and provided guidelines for future application of the statute by federal district courts. *Id.*

NBAD's Petition satisfies all of the statutory requirements found in section 1782 in order for this Court to enter an Order granting the issuance of a subpoena on J.P. Morgan Chase to permit NBAD to obtain discovery for use in a foreign proceeding. Specifically, NBAD will be an interested party to a Swiss court proceeding; the records sought, are within this District; and the documents are sought in support of NBAD's claims in a "foreign tribunal," a Swiss lawsuit. Moreover, the Supreme Court has implied that there is a presumption in favor of assuming that a foreign tribunal will be receptive to American judicial assistance. *Intel*, 542 U.S. at 261. NBAD has thus satisfied the statutory requirements under the statute.

### 2.  The Discretionary *Intel* Factors Have Also Been Satisfied by NBAD.

Following the Supreme Court's guidance in *Intel*, the United States Court of Appeals for the Eleventh Circuit recognized that "'[t]he purpose of Section 1782 is to liberalize the assistance given to foreign and international tribunals.'" *In re Patricio Clerici*, 481 F.3d 1324, 1333 (11th Cir. 2007) (quoting Hans Smit, *American Assistance to Litigation in Foreign and International Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited*, 25 Syracuse J. Int'l L. & Com. 1, 9 (1998)). In *Clerici*, the Eleventh Circuit encapsulated the factors a court is required to consider when determining whether to exercise its discretion in connection with a §1782 petition:

> (i) whether 'the person from whom discovery is sought is a participant in the foreign proceeding' because 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant';
>
> (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign or the court or agency abroad to U.S. federal-court judicial assistance';
>
> (iii) whether the petition attempts to circumvent foreign discovery restrictions or procedures; and
>
> (iv) whether the request is otherwise 'unduly intrusive or burdensome.'

*In re Weber*, No. 3:07-mc-27-J032MCR, 2007 WL 4285362, at *4 (M.D. Fla. Nov. 30, 2007) (quoting *In re Clerici*, 481 F.3d at 1334, which in turn quoted *Intel*, 542 U.S. at 264-65).

As discussed in more detail below, the instant Petition satisfies the requirements of the statute in all respects, as well as the *Intel* factors, and should thus be granted in its entirety.

### a. Parties to the Foreign Proceeding

If the person from whom discovery is sought is a party to the underlying foreign proceeding, this fact weighs against granting a §1782 petition. *Intel*, 542 U.S. at 264. In the present Petition, NBAD is seeking the issuance of a subpoena on J.P. Morgan Chase in an effort

8

to obtain documents and information from J.P. Morgan Chase, a non-party to the NBAD/Peacock lawsuit that will be commenced.

### b. The Swiss Lawsuit and Procedures

While §1782 requires that any discovery sought must be for use "in a proceeding in a foreign or international tribunal," the law is settled that a proceeding need not actually be pending at the time of the request. It must instead be "within reasonable contemplation." *Intel*, 542 U.S. at 258 ("Section 1782 does not limit the provision of judicial assistance to 'pending' adjudicative proceedings") (citation omitted). Here, NBADs intent to litigate in the near term meets that criteria.

Once the documents and information are obtained, there is no reason to believe that the Swiss court would reject contemporaneous accounts and documents concerning the fraudulent transfer from the Client's account at NBAD to J.P. Morgan Chase, and from J.P. Morgan Chase to an off-shore bank account. And while there is no requirement for the evidence obtained to be discoverable in the foreign proceeding, the Supreme Court in *Intel* noted that a foreign court might welcome evidence obtained under §1782 even when it would not have been otherwise obtainable under the laws or court rules of that country. *Id.* at 261-262.

### c. The Information Sought is Reasonable

Seeking Peacock's bank account information and records from J.P. Morgan Chase, the bank to where fraudulently obtained funds were transferred and from where the funds were subsequently transmitted, is a legitimate and reasonable grounds for granting §1782 relief. *Id*; *See In the Matter of the Application of Armada (Singapore) Pte Ltd., supra.* NBAD seeks the issuance of a subpoena on J.P. Morgan Chase to obtain documents and bank account information and records from J.P. Morgan Chase related to Peacock primarily focused on the last several

9

months. These documents are located within the District and cannot be said to be intrusive or burdensome. *See In re Hallmark*, 534 F. Supp. 2d at 957-58 (recognizing targeted document requests covering a short period of time and located in a centralized area were reasonable).

Having satisfied the statutory requirements and meeting the discretionary factors, this Court should grant NBAD's relief under 28 U.S.C. § 1782.

### B. BASIS FOR EXPEDITED CONSIDERATION

Local Rule 7.1.E provides:

> The Court may, upon written motion and good cause shown, waive the time requirements of this rule and grant an immediate hearing on any matter requiring such expedited procedure. The motion shall set forth in detail the necessity for such expedited procedure.

S.D. Fla. L.R. 7.1.E.

This Motion should be treated as an emergency motion because time is of the essence for NBAD to be able to locate and potentially recover the funds which were fraudulently obtained from NBAD's client's bank account, disbursed to Peacock's account at J.P. Morgan Chase, and transmitted to an off-shore bank account. Consequently, and in an abundance of caution, NBAD requests that the Court consider this Motion on an expedited basis.

**Respectfully submitted,**

**HOLLAND & KNIGHT LLP**

By: *[signature]*
Adolfo E. Jimenez
Florida Bar No. 869295
e-mail: adolfo.jimenez@hklaw.com
Daniel S. Fridman
Florida Bar No. 176478
e-mail: daniel.fridman@hklaw.com
Eric L. Ray
Florida Bar No. 29418
e-mail: eric.ray@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3000
Miami, FL 33131
Tel: (305) 374-8500
Fax: (305) 789-7799

*Attorneys for Petitioner*

## **VERIFICATION**

STATE OF FLORIDA            )
                            : ss.:
COUNTY OF DADE              )

ADOLFO E. JIMENEZ, being duly sworn, deposes and says:

I am a member of the firm of Holland & Knight LLP, counsel for NBAD Private Bank (Suisse), SA. ("Petitioner"), in the foregoing action. I have read the foregoing Verified Petition and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Petitioner and corresponded with Petitioner's representatives regarding this matter. I am authorized by Petitioner to make this verification, and the reason for my making it as opposed to an officer or director of Petitioner is that there are none within the jurisdiction of this Honorable Court.

_____
Adolfo E. Jimenez

Sworn to before me this
30th day of November, 2010.

_____
Notary Public

SHARON K. O'DOWD
MY COMMISSION # DD 792408
EXPIRES: July 12, 2012
Bonded Thru Notary Public Underwriters

12

## CERTIFICATE OF SERVICE

On this 30th day of November 2010, a copy of the foregoing was served by Overnight Mail on J.P. Morgan Chase, N.A.'s registered agent located at CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324, or any other individuals identified by J.P. Morgan Chase.

By: _____
Adolfo E. Jiménez

#9931685_v1

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN THE MATTER OF THE APPLICATION
OF NBAD PRIVATE BANK (SUISSE), SA.,

    Petitioner,

FOR DISCOVERY IN AID OF A FOREIGN
PROCEEDING PURSUANT TO 28 U.S.C.
§ 1782,

    Respondent,
_____/

### ORDER GRANTING VERIFIED EMERGENCY PETITION

This matter comes before the Court on the Verified Emergency Petition for Issuance of Subpoena to Obtain Discovery in Aid of Foreign Proceeding pursuant to Title 28 United States Code Section 1782. Having reviewed the Verified Emergency Petition of Petitioner NBAD Private Bank (Suisse), SA. ("NBAD" or "Petitioner"), the Court is satisfied that the issuance of a subpoena on J.P. Morgan Chase, N.A. ("J.P. Morgan Chase") to obtain discovery is warranted pursuant to 28 U.S.C. 1782, and the Court hereby **ORDERS** as follows:

1. The Petition is GRANTED.

2. The subpoena issued to J.P. Morgan Chase shall require J.P. Morgan Chase to produce all documents, account statements, records and information related to Peacock Exports and Investments, Inc.'s ("Peacock") bank account(s) maintained at J.P. Morgan Chase, for the past one year period through the present, including all documents that identify the transfer of funds into or out of the account.

3. The subpoena issued to J.P. Morgan Chase shall also require J.P. Morgan Chase to produce all documents and information related to all individuals or corporate

2

  entities with any connection or affiliation with Peacock.

4. The information identified in Paragraphs Nos. 2 and 3 above shall be provided to Holland & Knight LLP for examination and photocopying, at its expense, within 3 days of the execution of this Order, unless J.P. Morgan Chase requests a hearing.

5. Upon the request of any interested party, the Court will set a hearing in this matter on an expedited basis.

**DONE AND ORDERED** at Miami, Florida, this _____ day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

#9932772_v1